UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LABORIN,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 2:15-cr-00002-KJM-1<br><br>ORDER |

Jason Laborin, proceeding pro se, moves to vacate his sentence under 28 U.S.C. § 2255, asserting ineffective assistance of counsel at sentencing. Mot., ECF No. 62. The United States opposes the motion, arguing Laborin's plea agreement waived his right to assert this claim. Opp'n, ECF No. 70. Because Laborin's waiver is enforceable and applies here, the court will deny Laborin's motion.

I.     BACKGROUND

On January 8, 2015, Laborin was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Indictment, ECF No. 7. During a change-of-plea hearing held on February 17, 2016, Laborin pleaded guilty to that charge based on a written plea agreement. Plea Hr'g Mins., ECF No. 49; Plea Agreement, ECF No. 51. In the plea agreement, Laborin agreed, so long as his sentence did not exceed the statutory maximum, "to give up the

1

right to appeal the guilty plea, conviction, and the sentence imposed." Plea Agreement at 8. He also agreed, regardless of the sentence he received, to give up "any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." *Id.* at 8–9.

On July 6, 2016, the court sentenced Laborin to a 92-month term of imprisonment for his felony possession charge. *See* Sentencing Hr'g Mins., ECF No. 60; Judgment and Commitment, ECF No. 61; Sentencing Hr'g Tr., ECF No. 69. The court adopted the offense level and criminal history calculations as set forth in the Presentence Report, which recommended a guideline range between 92 and 115 months, before sentencing Laborin to the low end of that range. Sentencing Hr'g Tr. at 3, 21. Laborin also received a 12-month sentence for violating the terms of his supervised release in the case numbered 2:06-cr-00193-001, yielding a total sentence of 104 months. *See* Sentencing Hr'g Mins. Laborin's challenge here relates to his 92-month sentence, but not this additional 12-month sentence. *See* Mot.

Laborin moves the court to vacate his sentence, alleging that his criminal history was overstated at sentencing due to ineffective assistance of counsel. Mot. at 1–2. The United States has opposed the motion, Opp'n, and Laborin has filed a reply, Reply, ECF No. 72.

II. STANDARD

A plea agreement's waiver of a right to collateral attack is enforceable so long as the waiver encompasses the grounds raised and the waiver was knowingly and voluntarily made. *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (citing *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)). Standard principles of contract law guide a court's interpretation of the terms of a plea agreement. *United States v. Torres*, 828 F.3d 1113, 1124 (9th Cir. 2016) (citing *United States v. Speelman*, 431 F.3d 1226, 1229 (9th Cir. 2005)). A court therefore will "generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *Speelman*, 431 F.3d at 1229 (quoting *Jeronimo*, 398 F.3d at 1153); *see also U.S. v. Joyce*, 357 F.3d 921, 924 (9th Cir. 2004) (clear language of plea agreement precluded right to appeal); *cf. United States v. McTiernan*, 552 Fed. App'x 749, 750 (9th Cir. 2014) (discussing merits of

petitioner's claims where plea agreement expressly reserved right to claim ineffective assistance of counsel in collateral challenge).

A waiver of collateral attack claiming ineffective assistance counsel claim is ordinarily enforceable. *United States v. Minero-Regalado*, 384 Fed. App'x 651, 652 (9th Cir. 2010); *see also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (collecting cases from Second, Fifth, Sixth, Seventh and Tenth Circuits, which uniformly held "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing"). As an important exception to this rule, a waiver is not enforceable against a claim that ineffective assistance of counsel infected the waiver itself. *Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005) (upholding petitioner's right to assert federal habeas claim where he alleged counsel used coercion, omissions, false promises and inaccurate predictions to induce his acceptance of the plea agreement). Allegations that counsel was ineffective after entry into the plea agreement do not trigger this exception. *United States v. Magueflor*, 220 Fed. App'x 603, 604–05 (9th Cir. 2007) ("It is unclear whether Magueflor alleges ineffective assistance of counsel *prior to* the entry of his plea agreement. Ineffective assistance *after* he signed the agreement, of course, cannot invalidate the waiver provision." (emphases in original)).

III. DISCUSSION

Laborin alleges his criminal history was overstated at sentencing due to ineffective assistance of counsel in three ways: (1) several prior convictions fall within the scope of Amendment 709 to the Sentencing Guidelines;[1] (2) one prior conviction should not have scored under Chapter Four of the Guidelines; and (3) some prior convictions should have been treated as

---

[1] In 2007, the Sentencing Commission promulgated Amendment 709, which changed the method by which a district court calculates prior offenses. *See United States v. Horn*, 679 F.3d 397, 398 (6th Cir. 2012). Under the amendment, multiple sentences are counted as a single sentence if they were not separated by an intervening arrest, and the sentences were imposed on the same day. *Id.* at 399 (citing U.S. Sentencing Guidelines Manual app. C, amend. 709 (U.S. Sentencing Comm'n 2007) (effective November 1, 2007)).

3

"relevant conduct" to the offense of conviction. Mot. at 1–2. For the reasons discussed below, Laborin has waived his right to assert these claims here.

Laborin's plea agreement clearly waives his right to collaterally attack his sentence. That waiver expressly extends to collateral attacks through motions under 28 U.S.C. § 2255 such as the motion here. Plea Agreement at 8. The waiver precludes challenges to "any aspect" of sentence, which covers the sentencing errors Laborin asserts and the alleged ineffective assistance of counsel that he says caused them. *Id.* at 8–9. Unlike his waiver of his right to direct appeal, his waiver of collateral attack is effective "regardless of the sentence" he receives. *Id.* Enforcing the plain language of the agreement, *Speelman*, 431 F.3d at 1229, the court finds Laborin waived his right to collaterally attack his sentence through his federal habeas petition here.

Laborin does not challenge the validity of the waiver itself; if he did so that would likely state a non-waivable claim. *See Lampert*, 422 F.3d at 869. Laborin essentially argues counsel should have done more at sentencing to ensure the court treated his prior offenses differently. Mot. at 1–2. Because this challenge is not to the validity of the plea agreement itself, the agreement is enforceable and may preclude his claims here. *Magueflor*, 220 Fed. App'x at 604–05 ("Ineffective assistance *after* he signed the [plea] agreement, of course, cannot invalidate the waiver provision." (emphasis in original)); *Soto v. United States*, CR F 06-0315-06 AWI, 2009 WL 1862454, at *7 (E.D. Cal. June 29, 2009), *aff'd*, 496 F. App'x 708 (9th Cir. 2012) ("Because each of these claims alleges ineffective assistance of counsel based on defects in representation that occurred after Petitioner signed the plea agreement . . . the alleged ineffective assistance of counsel cannot render the plea agreement involuntary or unknowing."). In his reply, Laborin generally asserts that "[a]t the time Petitioner entered into the plea agreement, Petitioner was informed by counsel of his Criminal History Category (CHC) and the relevant offenses it made up." Reply at 2. He provides no further explanation of what counsel represented, why it was material to his entering the plea agreement, or how it infected the waiver itself. Given that Laborin's claim is based on ineffective assistance of counsel after he entered into the plea agreement, he has not shown the plea agreement itself is defective.

4

In sum, Laborin's waiver encompasses the grounds raised here and his waiver was knowingly and voluntarily made. As a result, he has waived his right to assert his ineffective assistance of counsel claims through a collateral attack.

The court DENIES Laborin's motion.

IT IS SO ORDERED.

This order resolves ECF No. 62.

DATED: August 8, 2017.

_____
UNITED STATES DISTRICT JUDGE